UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JANELLE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-371 |
| v. | ) | |
| | ) | |
| SIGNATURE GRAPHICS INC. and | ) | |
| URSITTI ENTERPRISES LLC, d/b/a | ) | |
| SearchPath Ursitti Group, | ) | |
| | ) | |
| Defendants. | ) | |

## C O M P L A I N T

Plaintiff Janelle Smith alleges the following for her complaint against Defendants Signature Graphics Inc. and Ursitti Enterprises LLC, d/b/a SearchPath Ursitti Group.

### NATURE OF THE CASE

1.      This is an employment case about harassment, discrimination, and retaliation.

2.      Plaintiff Janelle Smith worked for Defendants where her direct supervisor sexually harassed her.  The harassment included offensive and unwanted sexualized touching and comments.

3.      At the first chance she got, Smith reported the sexual harassment to a different supervisor, and then she was immediately fired—less than 24 hours after she reported her direct supervisor's sexual harassment.

4.      The reasons given for Smith's firing were noticeably flimsy and untrue, and they were a rather obvious pretext meant to cover up the discriminatory and retaliatory reasons for her dismissal.

5.      Defendants' misconduct and their unlawful firing violated Title VII of the Civil

Rights Act of 1964.

6.      Smith suffered damages as a result of Defendants' unlawful conduct that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

7.      Plaintiff Janelle Smith is an individual person who resides in Lake County, Indiana.

8.      Defendant Signature Graphics is a corporation organized under the laws of the State of Indiana.  The corporation operates and does business in Porter County, Indiana.

9.      Defendant Ursitti Enterprises is a limited liability company organized under the laws of the State of Indiana.  The company does business under the name "SearchPath Ursitti Group" and operates and does business in Porter County, Indiana.

10.      The Court has personal jurisdiction over Defendants because they both reside and do business within Indiana.  FED. R. CIV. P. 4(k)(1)(A).

11.      The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.  Title VII also independently affords subject matter jurisdiction in the federal courts. 42 U.S.C. § 2000e–5(f)(3).

12.      Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

13.      Defendant Signature Graphics designs, creates, installs, and maintains commercial graphics for environmental uses (such as stores, buildings, and outdoor spaces), as well as graphics for commercial vehicles.

14.     Defendant Signature Graphics operates a facility located in Porter, Indiana.

15.     Defendant Ursitti Enterprises is a staffing agency that hires and assigns employees to work for employers.

16.     Defendant Ursitti Enterprises hired Plaintiff Janelle Smith and directed her to work at Defendant Signature Graphics' facility.

17.     Smith started working for Defendant Signature Graphics in January 2023.

18.     Smith's work duties involved assembling and compiling stickers into finished logos for placement on various materials.  She worked on third shift beginning work at 9:00 p.m. and ending at 6:30 a.m.

19.     Defendants Ursitti Enterprises and Signature Graphics both jointly employed Smith where:

- Defendant Ursitti Enterprises directed and scheduled Smith's work and directed her to work for Defendant Signature Graphics and at Defendant Signature Graphics' facility;

- Defendant Ursitti Enterprises set the level of fringe benefits for Smith (such as health insurance) and then paid the employer share of the cost of those benefits;

- both Defendants set, controlled, and directed the attire for Smith to wear to work at Defendant Signature Graphics.

- Defendant Signature Graphics directed and controlled Smith's work on a day-to-day basis;

- Defendant Signature Graphics controlled Smith's working conditions on a day-to-day basis;

- Defendant Ursitti Enterprises paid Smith and processed payroll payments for her, including withholding state and federal tax payments;

- Defendant Ursitti Enterprises set attendance and performance bonuses for Smith and paid those bonuses;

- Defendant Signature Graphics paid Defendant Ursitti Enterprises money for Smith's work, which Defendant Ursitti Enterprises used to pay Smith and process her bonus and payroll payments.

USDC IN/ND case 2:23-cv-00371-JTM-JEM    document 1    filed 10/25/23    page 4 of 7

- both Defendants had the authority to hire, fire, and discipline Smith; and

- Defendant Ursitti Enterprises had the authority to assign Smith to another employer.

20.    On February 15, 2023, Smith's supervisor directed her to work in the back of Defendant Signature Graphic's facility.  This was not Smith's normal work area and the location was generally out of the way and outside the view of other employees and persons.

21.    At around 10:00 pm on February 15, 2023, Smith's direct supervisor came into the back area of Defendant Signature Graphic's facility where he had directed Smith to work and he began to make sexual comments to her such as:

- asking Smith if she had a boyfriend;

- asking Smith if she would kiss him or "make out" with him; and

- asking Smith if she would dress up for her birthday for him as Smith's birthday was approaching;

22.     Smith's direct supervisor also grabbed and caressed her hands and then he touched and caressed Smith's butt.

23.    All of the comments and touching from Smith's direct supervisor was unwelcomed and offensive.

24.    Smith's direct supervisor was the only supervisor in Defendant Signature Graphics facility at that time and Smith did not feel safe to continue working the rest of her shift.

25.    Accordingly, still on February 15 at around 5:15 a.m., Smith left Defendant Signature Graphic's facility and went home.

26.    The next day, February 16, Smith reported the harassment that she endured the previous night from her direct supervisor to a different supervisor (a supervisor who supervised the second shift).  Smith reported the harassment shortly after she arrived at work that day at 9:00 p.m.

- 4 -

27.    The second shift supervisor told Smith's direct supervisor about Smith's report of harassment (the person who had harassed her the previous night), and Smith's direct supervisor then hovered over her almost the entire shift trying to talk with her and get her attention.  Smith did her best to ignore him.

28.    On February 17, the very next day after Smith reported her direct supervisor for harassing her, Defendants terminated Smith's employment.

29.    The reason given for Smith's firing was demonstrably untrue and an obvious pretext meant to cover up the real reason for her dismissal—her protected activity reporting the sexual harassment that she endured and the discriminatory nature of her firing.

30.    Smith filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.    Smith repeats and incorporates all the previous allegations in her complaint.

32.    Defendants subjected Smith to different (and worse) terms and conditions of employment based on her sex.

33.    Smith's sex contributed to Defendants' decision to treat her differently in connection with the terms and conditions of her employment.

34.    Smith suffered damages as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

35.     Smith repeats and incorporates all the previous allegations in her complaint.

36.     Smith engaged in activity protected by Title VII when she, among other things, opposed the harassment and discrimination that she endured in the workplace.

37.     Defendants knew about Smith's opposition and protected activity.

38.     Defendants treated Smith differently in connection with the terms and conditions of her employment and terminated her employment.

39.     Defendants would not have taken these adverse actions against Smith but for her protected activity.

40.     Smith suffered damages as a result of Defendants' violation of Title VII, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3

### HARASSMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41.     Smith repeats and incorporates all the previous allegations in her complaint.

42.     Smith was subjected to communications and conduct based on her sex.

43.     The communications and conduct were hostile and unwelcome.

44.     Smith was subjected to a hostile work environment and otherwise treated differently than other employees because of her sex.

45.     Defendants were legally responsible for the work environment that was hostile to Smith because of her sex.

46.     The hostile work environment Smith endured was so severe or pervasive so as to

- 7 -

alter the terms and conditions of her employment by creating a hostile and abusive working environment.

47.     Defendants knew about the conduct Smith was subjected to and failed to implement reasonably prompt and appropriate corrective actions to end the harassment, and they also actively encouraged and created the hostile and abusive working environment.

## JURY DEMAND

48.     Smith demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

49.     Plaintiff Janelle Smith requests that the Court enter a judgment in her favor and against Defendants in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, punitive damages, attorney's fees, litigation costs, and interest.

50.     Smith also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

JANELLE SMITH

Dated:  October 25, 2023          By:   /s/  Mark S. Wilkinson

Mark S. Wilkinson
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com